## JUAN ARCHIBEQUE AND WIFE *v.* PANTALEON MIERA ET AL.

Obtaining Restitution in Replevin after Satisfaction.—Where a defendant in replevin obtains a dismissal of the action and an order of restitution, and, after accepting from the plaintiffs a deed of certain land in full satisfaction for the replevied chattel, procures a writ of restitution to be issued and executed, he is liable as a trespasser, the property in such chattel being transferred to the plaintiffs by such acceptance of satisfaction.

Sheriff Executing such Writ not Liable.—The sheriff executing the writ of restitution in such a case, the writ being regular on its face, and no actual complicity on his part in the wrongful acts of the defendant being shown, is not liable in trespass therefor.

DEFENDANT'S AGENT NOT LIABLE FOR RECEIVING THE PROPERTY.—The defendant's agent receiving such chattel from the sheriff, and taking it beyond the plaintiff's reach, is not liable in trespass if not shown to have been privy to the facts rendering the execution of the writ wrongful.

APPEAL from the district court for the county of Santa Fe. The opinion states the case.

*Baird and Ashurst,* for the appellant.

*T. D. Wheaton,* for the appellees.

By Court, HOUGHTON, J.:

This is an appeal from the judgment of the district court of the county of Santa Fe, whither the cause had been brought by change of venue from the county of Santa Ana, originating as follows: There was pending at the April term, 1865, of the district court of the county of Santa Ana, a replevin suit between the plaintiff in the above-entitled cause and Pantaleon Miera, one of the defendants, for a certain horse. The court, on motion, dismissed the replevin suit of plaintiffs against Miera, and ordered restitution of the horse to this defendant. Whereupon, as it appears in the evidence of record, an agreement was entered into between Juan Archibeque and Guadalupe Lopez, his wife, on the one part, and Pantaleon Miera on the other part, to the effect that Pantaleon Miera should receive from Juan Archibeque and his wife a deed for certain lands, in full satisfaction for the horse in question. Subsequent to this agreement, counsel for the defendant, Miera, sued out a writ of restitution of the horse to Miera, which was placed in the hands of Manuel Biscarra, sheriff of said county of Santa Ana, who took possession of the horse, and had him delivered into the possession of Pedro Baca, agent of Miera, who, as the testimony states, immediately rode the horse off, to prevent his being a second time replevied by Juan Archibeque and Guadalupe Lopez, his wife. Whereupon Archibeque and wife brought an action of trespass against Pantaleon Miera, Manuel Biscarra, sheriff of the county of Santa Ana, and Pedro Baca, for the recovery of the value of said horse.

The cause came on to be heard at the February term, 1867, of the district court for the county of Santa Fe. The jury found for the plaintiffs, and assessed their damages at one hundred dollars, for which judgment was given by the court. From which judgment Miera, Biscarra, and Baca appealed to this court.

It appears clearly from the evidence of record in this case, that Pantaleon Miera, the defendant in this cause in the court below, did accept, as full satisfaction and consideration for a certain black horse—the horse in question—a deed of certain lands from the plaintiffs, Juan Archibeque and wife. What became of this deed afterwards, or what disposition Pantaleon Miera made of the same after its acceptance by him as in full satisfaction for the horse, is a matter that does not in any manner interpose in this question. The acceptance of the deed in full satisfaction for the horse from Archibeque and his wife was a closed bargain. The horse became the property of Juan Archibeque and wife—the deed property of Pantaleon Miera.

It further appears in the evidence of record, that after this transaction, the acceptance of the deed for the horse, Pantaleon Miera sued out from the same court in which the replevin suit for the same horse had been pending, a writ of restitution, placed it in the hands of the sheriff, Manuel Biscarra, who, as one of the witnesses testifies, caused the horse to be run off for fear that another writ of replevin would issue. Pantaleon Miera necessarily being conscious at this same time, the time of suing out the writ of restitution, that he had conveyed all his right, title, and interest in the said horse in question to Archibeque and wife, clearly renders him a trespasser, and the verdict of the jury, as to him, must be held as undoubted and substantial justice.

As regards the two other defendants, Biscarra and Baca, it does not appear from the evidence of record, that they were privy to the taking and carrying off of the horse in question for the purpose of aiding Pantaleon Miera in wrongfully obtaining possession of the same, and notwithstanding the suspicion that is cast upon the transaction by the evidence that the writ of restitution was placed in the hands of

the sheriff and hurriedly served, and the horse hurriedly taken off for the purpose of avoiding a writ of replevin, yet nothing appears in the evidence, or record, to conclusively show complicity on the part of Manuel Biscarra or Pedro Baca with Pantaleon Miera, in unlawfully or wrongfully running off the horse. On the contrary, it appears that Biscarra had placed in his hands a writ *de retorno habendo*, issued out of, and by authority of the district court for the return of the said horse to Pantaleon Miera, and that in executing this writ, he was in the lawful performance of his duty as sheriff of the county of Santa Ana, and, therefore, not liable to the charge of trespass.

In view of the facts contained in the record, it is ordered and decreed by this court, that the judgment of the court below as to Pantaleon Miera be, and is hereby affirmed; but as to Manuel Biscarra and Pedro Baca, the same is reversed. And it is hereby ordered and decreed that execution issued for the amount of said judgment and costs, against the defendant, Pantaleon Miera, alone, and that Manuel Biscarra and Pedro Baca, as to this suit, be dismissed, and go hence without day.